[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Michael Konopka brings this action to recover the sum of $6,084.03 from the defendant, Judith Modeen, for an obligation of hers that he, as an accommodation maker on her note, became obligated to pay when she defaulted in payment of the note.
The defendant counterclaims for childcare services she provided for the plaintiff's children.
The pertinent Factors
The parties entered into a personal relationship that existed for approximately twelve years. Although they did not share the same living quarters, they lived in adjoining apartments. Each had two children at the time the relationship began. The children were in approximately the same age groupings. During much of the period of the relationship, the plaintiff worked on a second shift that ended about 11:00 p.m. The defendant would care for her children and would oversee the plaintiff's children.
She contends that this childc are went on for years; that the parties understood that although there was no formal agreement, the defendant would be paid for this childcare of the plaintiff's children by the CT Page 3132-dn plaintiff. This would occur when the defendant made the periodic note payments. The plaintiff would give her the sum due on her note.
However, the plaintiff never made those periodic payments nor did the defendant ever request them of the plaintiff. She now insists that the full amount for childcare services is now due to her from the plaintiff.
The plaintiff denies that there ever was such an understanding; that the defendant did take care of the plaintiff's children at times; but, that he also took care of her children when needed; that he also helped her financially by buying her a car when they first began their relationship; that he gave her money for her children's clothes, and made other financial contributions. He insists this was part of their personal relationship and never extended to payments between them for any of the work resulting from their personal relationship.
Further, he points out that those times that she cared for his children were only to fill in when his mother or the regular caretakers for his children were not available. His mother testified that she took care of the children on a daily basis, feeding them in the morning, taking them to and from school, and staying with them until her son came home after his shift ended at 11:00 p.m. Later, a monitor was installed between the apartments of the parties so that the plaintiff's mother could leave at 9:00 p.m. when the children were in bed. The defendant would check on them using the monitor set up in her apartment until the plaintiff arrived home after his work shift ended at 11:00 p.m.
The court, after hearing the parties, their witnesses and exanuning the evidence, finds: that the parties had a personal relationship for approximately twelve years. Each lived in an individual apartment with their respective children; that each party was responsible for and provided the finances for the individual apartment and their respective children; that the defendant did execute a note, and the plaintiff did co-sign that note as an accommodation maker; that the defendant made the periodic payments due on the note and never requested that the plaintiff contribute to or make those payments; that at some point the defendant ceased making those payments and the note fell into default, at which time the plaintiff — as comaker — became secondarily liable to pay off the note. His liability amounted to $6,084.03; that the defendant, as the primary obligor on the note, is responsible to hold harmless the plaintiff on the liability resulting to the plaintiff from that note because of the defendant's default; that the plaintiff has incurred a liability of $6,084.03 because of defendant's default. Therefore there is due and owing to the plaintiff from the defendant the sum of $6,084.03. CT Page 3132-do
As to defendant's counterclaim, the court finds the issues for the plaintiff. The court finds that the defendant failed to show by a preponderance of the evidence that she performed childcare services for the benefit of the plaintiff for which she expected to be paid; further, that no agreement existed between the parties whereby the plaintiff would, in exchange for any chilldcare services provided by the defendant for his children, would compensate the defendant by paying to her that sum required to liquidate the debt resulting from the note executed by the defendant and co-signed by the plaintiff.
Therefore, judgment is to enter for the plaintiff on the First Count in the sum of $6,084.03; and, for the plaintiff on the Second Count, together with court costs.
Kremski, J.T.R.
[EDITORS' NOTE: The case once located on this page is now located on CT Page 7885
[EDITORS' NOTE: This page is blank.] CT Page 3132-dp
[EDITORS' NOTE: This page is blank.] CT Page 3132-dq
[EDITORS' NOTE: This page is blank.] CT Page 3132-dr
[EDITORS' NOTE: This page is blank.] CT Page 3132-ds